# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE, on relationship of David Shell, | ) | |
| | ) | |
| DAVID SHELL, individually, | ) | |
| | ) | |
| DAVID SHELL, as Representative for Class Members, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. ___3:17-CV-59___ |
| | ) | |
| DAVID L. PURKEY, | ) | |
| JOE R. BARTLETT; | ) | |
| FIDELITY AND DEPOSIT COMPANY | ) | |
| OF MARYLAND, on its blanket surety for State of Tennessee Defendants Purkey; Bartlett; and John and Jane Doe state employees; | ) | |
| RONNIE BURNETT; | ) | |
| CHAD JOHNSON; | ) | |
| MARION COUNTY, TENNESSEE; and | ) | |
| AUTHUR J. GALLAGHER CO. | ) | |
| as surety and/or agent for surety for Defendants Burnett, Johnson and John and Jane Doe deputy sheriffs for Marion County Tennessee, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND COMPLAINT "CLASS ACTION"

Plaintiffs sue Defendants and for action say:

## I. NATURE OF ACTION

1.    This is an action is for declaratory judgment pursuant to 28 U.S.C. § 2201

by way of Fed. R. Civ. Pro. 57.

2.        This action is for damages for vindication of rights pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.        This action is brought in the name of the State of Tennessee pursuant to T.C.A. § 29-35-101 *et seq.*

4.        This action is for members of classes (henceforth, "Class Members") brought by class representative David Shell.

## II. ADOPTIONS BY REFERENCE

5.        Plaintiffs adopt each paragraph in this Complaint into each other paragraph and/or claim by reference pursuant to Fed. R. Civ. P. 10(b) and (c).

## III. FEDERAL JURISDICTION AND VENUE

6.        This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. §§ 1983 and 1988.

7.        This Court has supplemental jurisdiction over any claims brought under Tennessee law pursuant to 28 U.S.C. § 1367(a), as these claims arise out of the same operative facts and are related to the claims and action within the original jurisdiction of this Court. The claims brought under Tennessee law are part of the same case or controversy under Article III of the United States Constitution.

8.        The acts that are the subject of this Complaint occurred in the Eastern District of Tennessee making venue proper pursuant to 28 U.S.C § 1391(b)(2). A substantial part of the events and/or omissions that give rise to Plaintiff's claims occurred in Knox County. More specifically, Defendant PURKEY has a principal place of business for forfeiture proceedings in Knox County, Tennessee; the forfeiture proceedings in this case were filed in the

Knox County office of Defendant PURKEY; and the proceedings against David Shell's truck and $9,253.57 occurred in Knox County, Tennessee.

## IV. FACTS ESTABLISHING ART. III, SEC. 2, CL. 1 CASE AND CONTROVERSY

### A. Defendants Used Bogus Court Subpoenas For A Dragnet Roundup Of Privacy Protected Financial Records, Accounts, and Bank Deposits From Cooperating Banks In Violation Of The Fourth, Fifth, and Fourteenth Amendments

9.      Tennessee's Financial Records Privacy Act, Tenn. Code Ann. § 40-10-101 *et seq.*, provides David Shell a clearly established protected privacy interest in his bank records and accounts.

10.     On April 13, 2016 Defendant JOHNSON, pursuant to a custom, policy, practice, and/or procedure of Defendants BURNETT and MARION COUNTY TENNESSEE, used bogus court subpoenas he issued by a Marion County Clerk to three "cooperating" banks as a part of a dragnet roundup of local "cooperating" banks to locate and seize David Shell's bank records, accounts, and deposits to administratively forfeit to MARION COUNTY TENNESSEE.

11.     Attached as Exhibit 1, and made a part of this Complaint, is the bogus court subpoena Defendant JOHNSON used to obtain David Shell's financial records and savings account that are protected by Tennessee's privacy laws

12.     Exhibit 1 has circled in red false information placed in the bogus subpoena by Defendant JOHNSON.

13.     Exhibit 1, used by Defendant JOHNSON's dragnet roundup, was one of three bogus subpoena to three "cooperating" banks to produce David Shell's bank records for a non-existing court case; in a non-existing case number; to a non-existing court docket; without the approval of a judge; and requiring secret compliance to Defendant JOHNSON to seize David Shell's property to be administratively forfeited to Marion County, Tennessee.

3

14.     One of the three dragnet roundup "cooperating" bank subpoenas was to First Volunteer Bank that resulted in a "catch" of David Shell's bank account records and deposits with that bank.

15.     Defendant JOHNSON then used the information from the bogus subpoena to seize David Shell's savings account in the amount of $9,253.57 from First Volunteer Bank account without David Shell's knowledge or consent.

16.     This act by Defendant JOHNSON shocks the conscious and violates the very essence and literal meaning of due process of law.

17.     There was no lawful authority whatsoever for Defendant JOHNSON to create and use these bogus subpoenas.

**B. Offensive Collateral Estoppel**

18.     Tennessee follows the rule of non-mutual party offensive collateral estoppel (issue preclusion).[1]

19.     Attached and incorporated into this Complaint as Exhibit 2 is the Initial Order, that is now final, in the case of *David Shell v. Tennessee Department of Safety* APD # 19.01-138994J.

20.     David Shell pleads Exhibit 2 as offensive collateral estoppel to bar Defendants from denying the seizure of David Shell's bank records and account with First Volunteer Bank in the amount of $9,253.57.

21.     David Shell pleads Exhibit 2 as offensive collateral estoppel that the acts of Defendant JOHNSON were unconstitutional.

---

[1] *Bowen v. Arnold*, 502 S.W.3d 102 (Tenn. 2016)

22.     Between April 13, 2016 and January 31, 2017, Defendants, acting in joint concert with one another, continued the unconstitutional seizure of David Shell's $9,253.57 in United States Currency without court process and without lawful authority.

23. Between April 13, 2016 and January 31, 2017, Defendants, acting in joint concert with one another, denied David Shell the use of his $9,253.57 United States Currency.

24.     Between April 13, 2016 and January 31, 2017, Defendants, acting in joint concert with one another, required David Shell to incur attorney fees and litigation expenses to establish that his $9,253.57 U. S. Currency was unconstitutionally seized to obtain the return of his $9,253.57.

### C. Defendants Used The Bogus Subpoena Dragnet As A Custom, Policy, Practice, And/Or Procedure To Seize Property Of Class Members

25.     Defendant BURNETT, JOHNSON, and MARION COUNTY, TENNESSEE acted pursuant to a policy, custom, practice, and/or procedure of Defendant MARION COUNTY, TENNESSEE and its high ranking officials in the seizure of David Shell's bank records, account, and deposits by the use the bogus subpoenas for dragnet roundups of "cooperating banks" to obtain bank records, accounts, and deposits of persons who may be charged with drug offenses; without obtaining a search warrant; without obtaining a seizure order pursuant to § 53-11-451(b); in violation of Tennessee's Financial Records Privacy Act, Tenn. Code Ann. § 40-10-101 et seq.; without obtaining an investigatory subpoena required by Tenn. Code Ann. § 40-17-123; and without obtaining a warrant pursuant the Fourth Amendment to the United States Constitution.

26.     The unconstitutional policy, custom, practice, and/or procedure of BURNETT and JOHNSON, and Marion County deputy sheriffs, to use bogus subpoenas for dragnet roundups of records, accounts, and deposits from "cooperating banks" for administrative

5

forfeitures has been used to seize and forfeit bank records, accounts, and deposits of Class Members in violation of their official bonds and the obligations of the sureties on their official bonds.

27.    The statute of limitations on official bonds of BURNETT, JOHNSON and John and Jane Doe deputies of MARION COUNTY, TENNESSEE for nonfeasance, misfeasance, and malfeasance pursuant to Tenn. Code Ann. § 28-3-110(a)(1) is ten (10) years.

28.    The statute of limitations on official bonds of sureties on official bonds of BURNETT, JOHNSON and John and Jane Doe deputies of MARION COUNTY, TENNESSEE for nonfeasance, misfeasance, and malfeasance under Tenn. Code Ann. § 28-3-109(a)(2) is six (6) years.

## A. Defendants Seized David Shell's 2009 Dodge Truck Without Court Process

29.    On April 13, 2016, Defendant JOHNSON, pursuant to the policies, customs, practices, and/or procedures of Defendant BURNETT and MARION COUNTY, TENNESSEE, unconstitutionally seized David Shell's 2009 Dodge Truck from the possession of a third party without a warrant as required by the Fourth Amendment; without chancery or circuit court process as required by Tenn. Code Ann. § 52-11-451(b); in violation of the Takings and Due Process Clauses of the Fifth Amendment; and in violation of the Due Process Clause of the Fourteenth Amendment.

30.    After Defendant JOHNSON seized David Shell's vehicle, Defendant JOHNSON, acting in joint concert with Defendant PURKEY, BARTLETT, and John and Jane Doe state employees, subjected David Shell's vehicle to forfeiture proceedings in violation of §§ 40-33-204(g) and 53-11-451(b) that, pursuant to *Wells*, *Redd* and *Sprunger,* constitute a clearly established violation of the Fifth Amendment to the United States Constitution.

6

31.     Defendant BARTLETT failed to train state employees to comply with Tenn. Code Ann. § 40-33-204(g) that required the return David Shell's truck where there was not a factual or legal basis to seize David Shell's truck where the seizure did not comply with § 53-11-451(b) or the Fourth, Fifth, or Fourteenth Amendments.

32.     Defendant BARTLETT turned a blind eye to the seizure of David Shell's truck in violation of § 53-11-451(b) and the Fourth, Fifth, and Fourteenth Amendments.

33.     David Shell was denied the use of his truck from April 13, 2016 until its return on September 23, 2016 by the unconstitutional acts of Defendants acting in joint concert with one another.

34.     David Shell was required to incur attorney fees and cost to establish that his 2009 Dodge Truck was unconstitutionally seized to obtain the return of his truck.

### B. Violation of Tenn. Code Ann. § 40-33-207(a) Time Requirement For $1,684.00 United States Currency and Truck

35.     On April 13, 2016, Defendant JOHNSON, in addition to David Shell's 2009 truck, seized $ 1,684.00 from David Shell.

36.     Defendant BARTLETT, and those state employees under his supervision and acting in joint concert, violated the time requirements of Tenn. Code Ann. § 40-33-207(a)[2] to proceed to forfeit David Shell's $1,684.00 and his 2009 Truck thereby violating David Shell's Fifth Amendment rights clearly established in *Wells, Redd,* and *Sprunger*.

37.     Between April 13, 2016 and September 23, 2016, David Shell was continuously denied the use and the benefit of his $1,684.00 United States Currency and truck by the unconstitutional acts of Defendant JOHNSON under the customs, policies, practice, and/or

---

[2] Tenn. Code Ann. § 40-33-207. Hearing date. (a)  Within thirty (30) days from the day the claim is filed, the applicable agency shall establish a hearing date and set the case on the docket.

7

procedure of MARION COUNTY, TENNESSEE and supervision of Defendant PURKEY, BARTLETT, and John and Jane Doe state employees.

38.     David Shell was required to incur attorney fees and cost to establish that his $1,684.00 U. S. Currency and 2009 truck was unconstitutionally subjected to forfeiture proceedings to obtain the return of his $1,684.00 and truck.

## V. DECLARATORY JUDGMENT

### A. Declarations Requested

39.     David Shell individually; as Relator for Plaintiff STATE OF TENNESSEE; and as Representative of Class Members, bring this action pursuant to 28 U.S.C. § 2201 by way of Fed. R. Civ. P. 57, to render the following declaratory judgments:

> **(1) Tennessee law enforcement officers, and Defendants named herein, violated clearly established rights under the Fourth, Fifth, and Fourteenth Amendment to the United States Constitution by using bogus court subpoenas to conduct dragnet roundups from cooperating banks for protected private bank records, accounts and deposits to administratively seize and forfeit.**

> **(2) Tennessee law enforcement officers, and Defendants named herein, violated clearly established rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution to seize non-contraband property without a warrant except pursuant to well-established exceptions to the Fourth Amendment warrant requirement.**

> **(3) Tennessee law enforcement officers, and Defendants named herein, violated clearly established rights under the Fifth Amendment to the United States Constitution where they failed to strictly comply with the black letter time requirements of Tenn. Code Ann. § 40-33-207(a) in a Tennessee administrative forfeiture proceeding.**

### B. 28 U.S.C. § 2202 Relief

40.     Plaintiffs seek relief pursuant to 28 U.S.C. § 2202 based on the declaratory judgments rendered for remedies to Plaintiffs and Class Members for violations of the Fourth, Fifth, and Fourteenth Amendments.

8

## VI. DEFENDANTS ACTED UNDER COLOR OF LAW

41.     Each State of Tennessee Defendant aforementioned acted under color of law in doing the acts that are the subject matter of this Complaint.

42.     Each Marion County Tennessee Defendant aforementioned acted under color of state law and by virtue of their position as a Marion County Deputy Sheriff in doing the acts that are the subject matter of this Complaint.

## VII.    PLAINTIFFS

### A. DAVID SHELL, Individually

43. Plaintiff David Shell is a resident of the Eastern District of Tennessee and brings this action individually for claims of violations of his rights guaranteed him under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by way of 42 U.S.C. §§ 1983 and 1988.

### B. STATE OF TENNESSEE on Relationship of David Shell

#### (1) State of Tennessee Officials and Employees

##### a.   Tenn. Code Ann. §§ 29-35-101(1); 29-35-102(1), (3), (4) and (5).

44.     David Shell is a private individual authorized by Tenn. Code Ann. § 29-35-110[3] to bring this action in the name of the STATE OF TENNESSEE pursuant to for 28 U.S.C. § 2201 declaratory judgment and for violations of his Fourth, Fifth, and Fourteenth Amendments to the United States Constitution for the unconstitutional acts of Defendants PURKEY, BARTLETT, BURNETT, JOHNSON, and MARION COUNTY, TENNESSEE and

---

[3] 29-35-110. Suit on relation of private individual.
(a)  The suit is also brought on the information of any person, upon such person giving security for the costs of the proceedings, to be approved by the clerk of the court in which the bill is filed.
 (b)  When the suit is brought at the relation of a private individual, it shall be so stated in the bill and proceedings, and such individual is responsible for costs in case they are not adjudged against the defendant.

9

those acting in joint concert with them in the exercise of their offices that violate Tenn. Code Ann. §§ 29-35-101(1) for which remedies are provided in §§ 29-35-102(1), (3), (4) and (5) and 29-35-113.

### b. STATE OF TENNESSEE As Payee On Tenn. Code Ann. § 8-19-301 Blanket Surety Bonds For State Defendants

45.    Tenn. Code Ann. § 4-4-108 requires Tennessee obtain a blanket surety bond for Defendants Purkey, Bartlett, and Tennessee employees.

46.    David Shell asserts that Tenn. Code Ann. § 8-19-301(3) provides that David Shell and Class Members are beneficiaries of Defendant PURKEY, BARTLETT and state employees' surety bonds required by § 4-4-108 for the conduct pleaded in this Complaint.[4]

47.    Plaintiff, individually and as a representative of Class Members, brings this action in the name of the STATE OF TENNESSEE, as the Tenn. Code Ann. § 8-19-301 named payee on surety bonds executed for the benefit of David Shell and Class Members.

48.    Upon information and belief, FIDELITY AND DEPOSIT COMPANY OF MARYLAND issued a surety bond as required by Tenn. Code Ann. § 4-4-108 for the conduct of State employees.

49.    David Shell, individually, and as a representative of Class Members, brings this action in the name of the STATE OF TENNESSEE as the named payee on official bonds issued by Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND as surety on the blanket bonds of Defendants PURKEY, BARTLETT, and those John and Jane Does State employees acting with them in joint concert and those they supervise.

### a. STATE OF TENNESSEE As Payee On Tenn. Code Ann. § 8-19-301 Marion County Defendants' Official Bonds

---

[4] See Tenn. Code Ann. § 8-19-301

10

50.     Tenn. Code Ann. § 8-19-301(3) permits David Shell and Class Members to recover on the official bonds of Defendant BURNETT, JOHNSON and Marion County John and Jane Does for injuries.

51.     David Shell, individually, and as a representative of Class Members brings this action in the name of the STATE OF TENNESSEE, as the Tenn. Code Ann. § 8-19-301 named payee on official bonds of Defendants BURNETT, JOHNSON and John and Jane Doe employees of MARION COUNTY, TENNESSEE executed for the benefit of David Shell and Class Members pursuant to Tenn. Code Ann. § 8-19-301(3).

52.     David Shell, individually, and as representative of Class Members, brings this action in the name of the STATE OF TENNESSEE as the named payee against Defendant AURTHUR J. GALLAGHER CO. who had been identified, and upon information and belief, is the surety and/or agent for the surety on Defendants BURNETT, JOHNSON, and John and Jane Doe official bonds for its liability pursuant to Tenn. Code Ann. § 8-19-301 for the unconstitutional taking of the property of David Shell and Class Members.

### C.  DAVID SHELL, Class Representative

53.     David Shell brings this action as a member of, and as the representative for Class Members who are individuals so numerous that joinder of all members is impracticable; for which there are questions of law or fact common to all members of the class; whose claims are typical of the claims of David Shell; and for which David Shell will fairly and adequately protect the interest of the class.

## VIII.  DEFENDANTS

### A.  STATE OF TENNESSEE DEFENDANTS

#### (1)     DAVID L. PURKEY

11

54.     Defendants DAVID L. PURKEY is the Commissioner of the Tennessee Department of Safety and Homeland Security (henceforth, "TDOSHS").

55.     Defendant PURKEY is sued in his individual capacity.

56.     Defendant PURKEY has been appointed to the office of Commissioner and pursuant to Tenn. Const. Art. X, Sec. 1 is required to take an oath of office to "support the Constitution of this State, and of the United States, and an oath of office."

57.     Defendant PURKEY is required to comply with his Oath of Office that includes he not commit acts of nonfeasance, misfeasance, and/or malfeasance.[5]

58.     Defendant PURKEY is required to comply with his Official Bond that includes that he not commit acts of nonfeasance, misfeasance and/or malfeasance.

59.     Compliance with Tennessee's forfeiture statutes is ministerial in nature.[6]

---

[5] *State use of Cardin v. McClellan*, 85 S.W. 267, 268-69 (1904). "It is settled that where the law imposes upon a public officer the performance of ministerial duties in which a private individual has a special and direct interest, the officer will be liable to such an individual for any injury which he may proximately sustain in consequence of the failure or neglect of the officer either to perform the duty at all or to perform it properly. "In such a case the officer is liable as well for nonfeasance as for misfeasance or malfeasance." "Nonfeasance," says Judge Metcalfe, "is the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do; and malfeasance is the doing of an act which a person ought not to do at all." The rule above stated therefore includes:
(1) Nonfeasance, or neglect, or refusal, without sufficient excuse, to perform an act which it was the officer's legal duty to the individual to perform. (2) Misfeasance or negligence, which here, as elsewhere, is a failure to use, in the performance of a duty owing to the individual, that degree of care, skill and diligence which the circumstances of the case reasonably demand. (3) Malfeasance, or the doing, either through ignorance, inattention, or malice, of that which the officer had no legal right to do at all, as where he acts without any authority whatever, or exceeds, ignores or abuses his powers. . . . It is not necessary, to establish liability, to show either malice or willfulness in the failure or improper performance of the act. . . . And mistake and good faith are no defense to the defaulting officer.

[6] *Amy v. Supervisors*, 11 U.S. 136, 20 L. Ed. 101 (1871)    "Where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct. There is an unbroken current of authorities to this effect. A mistake as to his duty and honest intentions will not excuse the offender."

12

60.     One of the duties of Defendant PURKEY is to administer Tennessee's forfeiture statutes in strict compliance with the black letter of Tennessee's procedural and substantive laws.

61.     One of the Defendant PURKEY's duties is to train Tennessee law enforcement officers and employees to strictly comply with the black letter of Tennessee procedural and substantive laws for the forfeiture of property.

62.     Defendant PURKEY is required to comply with the obligations of his official bond defined in Tenn. Code Ann. § 8-19-301.

63.     Defendant PURKEY supervises and has delegated to Defendant JOE R. BARTLETT the duty to train and supervise TDOSHS John and Jane Doe state employees in strictly complying with the black letter of Tennessee's procedural and substantive laws.

64.     Defendant PURKEY supervises and has delegated to Defendant JOE R. BARTLETT the duty to train and supervise Tennessee law enforcement officers in strictly compiling with the black letter of Tennessee's procedural and substantive laws.

65.     Defendant PURKEY is an interested party to this action for 28 U.S.C. § 2201 declaratory judgment and 28 U.S.C. § 2202 relief.

66.     Defendant PURKEY is liable as the principal for his agents, designees; directors; managers; officers and employees who are hereinafter referred to as "those acting in joint concert" with Defendant PURKEY.

67.     Defendant PURKEY, and those acting in joint concert, acquiesced in Defendant JOHNSON and John and Jane Doe state employees of TDOSHS to unlawfully and unconstitutionally take David Shell's property without strictly compiling with the black letter of Tennessee's procedural and substantive laws.

13

68.     Defendant PURKEY, and those acting in joint concert, were deliberately indifferent, turned a blind eye, and acquiesced to Defendant JOHNSON and John and Jane Doe employees of TDOSHS unconstitutionally taking David Shell's property without strictly complying with the black letter of Tennessee's procedural and substantive laws.

69.     Defendant PURKEY and those acting in joint concert violated, and continue to violate, the law by unconstitutionally seizing and forfeiting property in the manner that David Shell's property was seized and subjected to forfeiture proceedings without strictly complying with the black letter requirements of Tennessee procedural and substantive forfeiture laws and in violation of clearly established law violated the United States Constitution Fifth Amendment as clearly established in *Wells, Redd* and *Sprunger*.

70.     Defendant PURKEY, and those in joint concert, who seize and subject property to forfeiture in the manner David Shell's property was seized and subjected to forfeiture proceedings violated clearly established Fourth, Fifth, and Fourteenth Amendment rights and thereby committed acts of nonfeasance, misfeasance, and malfeasance and failure to faithfully perform the duties of their office.

71.     Defendant PURKEY, and those acting in joint concert unlawfully and unconstitutionally exercised their offices within the meaning of Tenn. Code Ann. § 29-35-101(1) by administering Tennessee forfeiture proceedings in the manner done in David Shell's seizure and forfeiture proceedings in violation of clearly established rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution..[7] [8]

---

[7] *See* Tenn. Code Ann. § 29-35-101(1)
[8] *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 850 (Tenn. 2008)

72.     This action seeks declaratory judgment pursuant to 28 U.S.C. § 2201 regarding the constitutionality of the actions of Defendant PURKEY and those in joint concert. Further, this actions seeks additional relief pursuant to 28 U.S.C. § 2202; 42 U.S.C. § 1983; and 42 U.S.C. § 1988.

73.     Defendant PURKEY is sued in his individual capacity for unlawful, unconstitutional and void acts of taking property and property interests of David Shell, and Class Members, in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. §§ 1983 and 1988 and for said violations of his Oath of Office and Bond.

**(2)     JOE R. BARTLETT**

74.     Defendant PURKEY delegated to Defendant JOE R. BARTLETT the duty to supervise and train John and Jane Doe State employees of TDOSHS in administrating Tennessee's forfeiture statutes.

75.     Defendant PURKEY delegated to Defendant BARTLETT the duty to supervise and train Tennessee law enforcement officers in administrating Tennessee's forfeiture statutes.

76.     Defendant BARTLETT has a duty to train John and Jane Doe employees of TDOSHS to strictly comply with all procedural and substantive Tennessee's forfeiture laws.

77.     Defendant BARTLETT has a duty to train law enforcement officers and agencies in the seizure and forfeiture of property by TDOSHS to strictly comply with all procedural and substantive Tennessee's forfeiture laws.

78.     Defendant BARTLETT improperly and unlawfully trains or fails to train law enforcement agencies, John and Jane Doe employees of TDOSHS, and/or law enforcement officers which results in United States Constitution violations.

15

79. Defendant BARTLETT is an interested party to this action for 28 U.S.C. § 2201 declaratory judgment and 28 U.S.C. § 2202 relief.

80. Defendant BARTLETT is sued in his individual capacity.

81. Defendants PURKEY and BARTLETT acted in joint concert, and as the principals of John and Jane Doe employees Of TDOSHS, in the unconstitutional taking of David Shell's property.

82. Defendants PURKEY and BARTLETT acted in joint concert and as the principal of Defendants BURNETT, JOHNSON, and MARION COUNTY TENNESSEE in the unconstitutional taking of David Shell's property.

83. Defendants PURKEY and BARTLETT are sued for inadequate training of John and Jane Doe employees Of TDOSHS to strictly comply with all procedural and substantive Tennessee's forfeiture laws to seize and to forfeit David Shell's property.

84. Defendants PURKEY and BARTLETT are sued for acquiescing in Defendants BURNETT, JOHNSON, and MARION COUNTY TENNESSEE unconstitutional taking of David Shell's property without strictly complying with all procedural and substantive Tennessee forfeiture laws.

85. Defendant PURKEY and BARTLETT are sued for being deliberately indifferent and turning a blind eye to Defendants BURNETT, JOHNSON and MARION COUNTY, TENNESSEE unlawfully and unconstitutionally taking of David Shell's property without strictly complying with all procedural and substantive Tennessee forfeiture laws.

86. Defendant BARTLETT is sued in his individual capacity for his unlawful, unconstitutional and void acts of taking property and property interests of David Shell and Class Members in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States

16

Constitution by way of 42 U.S.C. §§ 1983 and 1988; and for said violations of his oath of office; and bond.

### (3) JOHN AND JANE DOE STATE OFFICERS AND EMPLOYEES COVERED BY TENNESSEE'S BLANKET SURETY BOND

87.     John and Jane Does are employees of the State of Tennessee who acted in joint concert, and/or as agents of Defendants PURKEY and BARTLETT, and violated the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by their failing to comply with provisions of Tennessee's forfeiture statutes in the seizure and forfeiture proceedings against David Shell's property.

88.     John and Jane Doe are made parties as officers, directors, managers and employees of the State of Tennessee within the meaning of Tenn. Code Ann. § 29-35-102.

89.     John and Jane Doe are made parties as officers, directors, managers and employees of the State of Tennessee for purposes of their liability pursuant the Tenn. Code Ann. § 4-4-108 employee blanket surety bond for State of Tennessee employees.

### (4) FIDELITY AND DEPOSIT COMPANY OF MARYLAND

90.     Tenn. Code Ann. § 4-4-108 requires the State of Tennessee provide a blanket surety bond for all state officers and employees.

91.     The obligations of the bond for the blanket surety are set out in Tenn. Code Ann. § 8-19-301.[9]

---

[9] 8-19-301. Obligations covered by bonds. Every official bond executed under this code is obligatory on the principal and sureties thereon: (1) For any breach of the condition during the time the officer continues in office or in the discharge of any of the duties of such office; (2) For the faithful discharge of the duties which may be required of such officer by any law passed subsequently to the execution of the bond, although no such condition is expressed therein; (3) For the use and benefit of every person who is injured, as well by any wrongful act committed under color of such officer's office as by the failure to perform, or the improper or neglectful performance, of the duties imposed by law.

92.     Tenn. Code Ann. § 8-19-301(3) provides that Plaintiffs and Class Members are beneficiaries of Tennessee's blanket surety.

93.     Plaintiffs are advised, and upon information and belief, Defendant FIDELITY AND DEPOSIT COMPANY OF MARYLAND issued Tennessee a blanket surety bond.

94.     The blanket surety bond covers the conduct of Defendants PURKEY and BARTLETT and John and Jane Doe employees of the State of Tennessee unlawfully and unconstitutionally conducting the seizure and forfeiture proceedings against David Shell's property.

95.     David Shell brings this action for the benefit of himself, as Relator and Representative for the benefit of Classes Members, and in the name of the STATE OF TENNESSEE as the payee on Tennessee's blanket surety bond against FIDELITY AND BANK COMPANY OF MARYLAND.

## B. MARION COUNTY TENNESSEE DEFENDANTS

### (1) RONNIE BURNETT

96.     Defendant, RONNIE BURNETT is the Sheriff for MARION COUNTY, TENNESSEE.

97.     Defendant BURNETT is sued in his individual capacity.

98.     Defendant BURNETT is also sued in his official capacity which presents a claim against Defendant MARION COUNTY, TENNESSEE.

99.     Defendant BURNETT acted in joint concert with Defendants PURKEY, BARTLETT and Jane Doe employees of TDOSHS in the unconstitutional taking of David Shell's property.

18

100. Defendant BURNETT acted in joint concert with Defendants JOHNSON and MARION CONTY, TENNESSEE in the unconstitutional taking of David Shell's property.

101. Defendants BURNETT and MARION COUNTY, TENNESSEE failed to adequately train Defendant JOHNSON in constitutional requirements to seize and to forfeiture David Shell's property.

102. Defendants BURNETT and MARION COUNTY, TENNESSEE acquiesced in Defendants JOHNSON unconstitutionally taking of David Shell's property.

103. Defendants BURNETT and MARION COUNTY, TENNESSEE were deliberately indifferent, and turned a blind eye, to Defendant JOHNSON unconstitutionally taking of David Shell's property.

104. Defendant BURNETT is a sufficiently high ranking officer for his training and deliberate indifference or acquiescence to constitute a policy, custom, practice, and/or procedure of MARION COUNTY, TENNESSEE.

105. Defendant BURNETT and MARION COUNTY TENNESSEE unconstitutionally seized David Shell's property on April 13, 2016 and continued to unlawfully and unconstitutionally seize said property until it was returned pursuant to the Orders of an Administrative Judge.

**(2)   CHAD JOHNSON**

106. Defendant CHAD JOHNSON is a deputy sheriff for MARION COUNTY, TENNESSEE.

107. Defendant JOHNSON is sued in his individual capacity.

108. Defendant JOHNSON is sued in his official capacity which presents a claim against Defendant MARION COUNTY, TENNESSEE.

19

109.    Defendant JOHNSON in doing each of the acts pleaded in this complaint was acting in joint concert with Defendants PURKEY, BARTLETT, John and Jane Doe employees of TDOSHS, and Defendants BURNETT and MARION COUNTY, TENNESSEE in the unconstitutional taking of David Shell's property.

110.    Defendant JOHNSON in doing each of the acts pleaded in this complaint was acting by virtue of and under color of law as in the unconstitutional taking of David Shell's property.

### (3) MARION COUNTY, TENNESSEE

111.    Defendant MARION COUNTY, TENNESSEE is one of the counties and political subdivisions established under the Constitution and laws of the State of Tennessee.

112.    Defendant MARION COUNTY, TENNESSEE had policies, customs, procedures, and/or practices that allowed Defendant JOHNSON to unconstitutionally seize property of David Shell, and the property of others, in the unconstitutional manner pleaded in this Complaint.

113.    Defendant MARION COUNTY, TENNESSEE permitted Defendant JOHNSON final decision-making authority to seize the property of David Shell and others in the unconstitutional manner pleaded in this Complaint.

114.    Defendant MARION COUNTY, TENNESSEE had a policy, practice, procedure, and/or custom of providing inadequate training to its deputy sheriffs, including Defendant JOHNSON, in the requirement they strictly comply with the black of Tennessee procedural and substantive forfeiture laws.

115.    Defendant MARION COUNTY, TENNESSEE had a custom, policy, practice, and/or procedure of tolerating civil-rights violations in the seizure of property for

20

administrative forfeiture for Marion County, Tennessee in the manner David Shell's property was unconstitutionally seized as pleaded in this Complaint.

116.    Defendant MARION COUNTY, TENNESSEE is liable pursuant to Tenn. Code Ann. § 8-8-302 for the acts of its deputy sheriff Defendant JOHNSON and John and Jane Doe deputy sheriffs.

### (4)    JOHN AND JANE DOE MARION COUNTY OFFICERS AND EMPLOYEES COVERED BY MARION COUNTY SURETY BOND

117.    John and Jane Doe are employees of Marion County, Tennessee that acted in joint concert, and/or as agents of Defendants PURKEY, BARTLETT, BURNETT, and JOHNSON in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by their failing to comply with provisions of Tennessee's forfeiture statutes and black letter law in the seizure and forfeiture proceedings against David Shell's property.

118.    John and Jane Doe deputies and employees of Marion County, Tennessee are made parties as officers, directors, managers and employees for purposes of their liability pursuant the Tenn. Code Ann. § 4-4-108 employee blanket surety bond for State of Tennessee employees.

### (5)    DEFENDANT A. J. GALLAGHER CO.

119.    Defendant BURNETT is required to execute an official bond as Sheriff of Marion County, Tennessee.

120.    Defendant JOHNSON is required to execute an official bond as a deputy sheriff for Marion County Tennessee.

121.    Jane and John Doe Marion County deputy sheriffs are required to execute an official bond.

21

122. The STATE OF TENNESSEE is the payee on the official bonds of Defendants BURNETT, JOHNSON, and John and Jane Doe deputies that is for the benefit of David Shell as provided for in § 8-19-301(3).

123. Upon information provided and belief, Defendant A. J. GALLAGHER CO. is the surety and/or the agent for the surety for the official bond of Defendants BURNETT, JOHNSON, and Jane and John Doe deputies and employees of Marion County, Tennessee.

124. David Shell brings this action against Defendants BURNETT and JOHNSON on their official bonds for violations of the Fourth, Fifth, and Fourteenth Amendments for the unconstitutional taking of his property.

125. David Shell brings this action against Defendant A. J. GALLAGHER CO. as surety and/or agent for the surety for the official bonds of Defendants BURNETT and JOHNSON for violations of the Fourth, Fifth, and Fourteenth Amendments for the unconstitutional taking of his property.

## IX. INTRODUCTION

126. In 1947, Tennessee clearly established that the Fifth Amendment to the United States Constitution is violated where a Tennessee forfeiture proceeding does not comply with all procedural and substantive requirements of Tennessee's forfeiture laws:

> Forfeiture or confiscation is a proceeding of a harsh nature, and unless accomplished pursuant to the law of the land is in violation of the 5th Amendment to the Constitution of the United States. Consequently confiscation must be accomplished in the manner provided by law.

*Wells v. McCanless*, 198 S.W.2d 641, 642-43 (1947)

127. Tennessee clearly established that there must be strict black letter compliance with a Tennessee procedural and substantive forfeiture laws.

22

Statutory authority empowering the State to seize and forfeit private property inherently carries with it an obligation to insure that the power is not abused. In T.C.A. § 53-11-201, the General Assembly has granted broad power to the Commissioner of Safety to determine whether confiscated property is subject to forfeiture. Once a seizure is made, the burden falls upon the owner, or someone with a legal interest in the property, to file for its return. Failure to make a claim within the statutorily prescribed time will result in a summary forfeiture. **This exercise of police powers requires black letter compliance to procedural rules intended to safeguard the due process rights of citizens.**

**Forfeitures are not favored by the law. Statutes authorizing such action are to be strictly construed.** *See* <u>Williams v. City of Knoxville</u>, 220 Tenn. 257, 416 S.W.2d 758(1967); <u>Biggs v. State</u>, 207 Tenn. 603, 341 S.W.2d 737(1960). Before a confiscation statute may be used to deprive a person of his property, the facts must fall both within the spirit and the letter of the confiscation law under which the sovereign proposes to act. (**bold** emphasis added)

*Redd v. Tenn. Dep't of Safety*, 895 S.W.2d 332, 335(Tenn. 1995)

128.    On March 9, 2015, the Tennessee Supreme Court re-affirmed clearly established law that the Fifth Amendment to the United States Constitution is violated where there is not strict black letter compliance with all procedural and substantive forfeiture laws, and where procedural and substantive procedures prescribed by Tennessee's forfeiture laws statutes are not complied with, the Fifth Amendment to the Untied States is violated and no confiscation or forfeiture occurs:

In light of these principles, we hold that, in forfeiture proceedings, the governmental authority seeking forfeiture must present affirmative proof that it has complied with both the procedural and the substantive requirements in the forfeiture statutes enacted by our Legislature. Consistent with the civil nature of forfeiture proceedings, the State's burden of proof as to both the procedural and substantive statutory requirements is by a preponderance of the evidence. <u>Stuart</u>, 963 S.W.2d at 33.

Where "the conditions prescribed [for forfeiture] . . . . have not been complied with[,] . . . no forfeiture or confiscation has occurred."

*State v. Sprunger*, 458 S.W.3d 482, 499-500 (Tenn. 2015)

## X. FEDERAL CONSTITUTIONAL RIGHTS AT ISSUE

### A. Fourth Amendment

129.     The Fourth Amendment to the United States Constitution provides:

> The right of the people **to be secure in their** persons, houses, papers, and **effects**, against unreasonable searches **and seizures**, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.[10] (**bold** emphasis added)

130.     Seizure of property is a continuing act that is not terminated in a forfeiture proceeding until the property is returned.

131.     In *State v. Sprunger* 458 S.W.3d 482, 493 (Tenn. 2015), the court looked to clearly established law in 1947 to define what constitutes an unreasonable seizure:

> Civil forfeiture clearly implicates due process protections: "Forfeiture or confiscation is a proceeding of a harsh nature, and unless accomplished pursuant to the law of the land is in violation of the 5th Amendment to the Constitution of the United States. Consequently confiscation must be accomplished in the manner provided by law." *Wells v. McCanless*, 184 Tenn. 293, 198 S.W.2d 641, 642-43 (Tenn. 1947).

132.     The seizure, and the continuing seizure, of David Shell's vehicle and money without a warrant by Defendants, while acting in joint concert with one another, is *per se* unreasonable, and therefore is a violation of the Fourth Amendment where there was, or is, a violation of a requirement of a Tennessee forfeiture statute.

---

[10] Tenn. Cons. Art. I, Sec. 7 provides for similar rights however the Supremacy Clause provides this Court's application of the Fourth Amendment constitutes the minimum rights Tennessee must provide for in its Constitution.

24

**B. Fifth Amendment**

    133.    The Fifth Amendment to the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of** life, liberty, or **property, without due process of law; nor shall private property be taken for public use, without just compensation.** (**bold** emphasis added)

    134.    As quoted, *State v. Sprunger*, 458 S.W.3d 482, 493 (Tenn. 2015) clearly established that forfeitures that are not accomplished pursuant Tennessee's forfeiture procedural and substantive forfeiture laws are in "violation of the 5th Amendment to the Constitution of the United States."

    135.    The forfeiture proceedings against David Shell's property that were administered by Defendants, acting in joint concert with one another, was a *per se* violation of the Takings and the Due Process Clauses of the Fifth Amendment where there was, or is, a violation of a requirement of a Tennessee forfeiture statute.

**C. Fourteenth Amendment, Sec. 1**

    136.    The Fourteenth Amendment, Sec. 1 to the United States Constitution provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. **No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of** life, liberty, or **property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.** (**bold** emphasis added)

137.    Although *State v. Sprunger* did not cite the Fourteenth Amendment, *State v. Sprunger* clearly established that that forfeitures that are not accomplished pursuant Tennessee's laws violate the Due Process Clause of the Fifth Amendment that is made applicable to the States through the Fourteenth Amendment and the Due Process Clause of the Fourteenth Amendment.

138.    Taking David Shell's and Class Members' property, under the policies, customs, practices, and/or procedures is a *per se* violation of the Fourteenth Amendment Due Process Clause where the forfeiture was not, or is not being accomplished, according to the law of the land in Tennessee provided for by Tennessee's states, rules and regulations to all other agencies in Tennessee.

### D.  42 U.S.C. § 1983

139.    42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or **causes to be subjected, any citizen of the United States or other person** within the jurisdiction thereof **to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws**, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.  (**bold** emphasis added)

140.    Defendants acting in joint concert with one another, while acting under color of Tennessee's forfeiture statues, are liable under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments and **"rights secured by the . . . laws"** that pursuant

to 42 U.S.C. § 1988(a) include Tennessee's laws and Constitution where not inconsistent with the federal Constitution or laws.

141. Defendants acting in joint concert with one another who violate Tennessee's forfeiture laws are liable under 42 U.S.C. § 1983.

**E. 42 U.S.C. § 1988**

§ 1988. Proceedings in vindication of civil rights

(a) Applicability of statutory and common law. The jurisdiction in civil and criminal matters conferred on the district and circuit courts [district courts] by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but **in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause**, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. (**bold** emphasis added)

142. David Shell's and Class Members' rights were clearly established in Tennessee in *Wells* in 1947; and were affirmed in *Redd v. TDOSHS* in 1999; and again in *State v. Sprunger* in 2015; and are applied by federal courts pursuant to 42 U.S.C. § 1988(a) in adjudicating 42 U.S.C. § 1983 claims in this action.

**XI. REQUESTED RELIEF**

143. David Shell sues for damages for loss of the use of his vehicle and its depreciation.

144. David Shell sues for damages loss of the use his United States Currency.

27

145.    Plaintiffs sue for recovery of his attorney fees and litigation costs required to establish Defendants' violation of his clearly established Fourth, Fifth, and Fourteenth Amendment rights necessary for Plaintiff to obtain the return of his truck and U. S. Currency.

146.    Plaintiffs sue for the return of all non-contraband property of all Class Members that was seized and/or forfeited in Marion County, or by the TDOSHS for any law enforcement agency in Tennessee, pursuant to the use of the policy, custom, practice, and/or procedure of bogus subpoenas for dragnet discovery of private financial records, accounts, and deposits.

147.    Plaintiffs sue for the return of all non-contraband property of all Class Members that have had property seized without the seizing agency complying with Tenn. Code Ann. § 53-11-451(b) to obtain chancery or circuit court process.

## XII.    MOTION TO MAINTAIN CLASSES

148.    Plaintiffs, by separate Motion, move to maintain claims for defined classes of individuals whose claims are typical of those of David Shell.

149.    Plaintiffs, as Class Members, seek to represent Class Members and have the following Art. III, Sec. 2, Cl. 1 case and controversy which provides this Court federal jurisdiction:

(a)    an invasion of a legally protected interests under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by way of 42 U.S.C. § 1983 and 1988, which are concrete and particularized and that are actual or imminent, and not conjectural or hypothetical;

(b)    a causal connection between their injury and the conduct complained of that is fairly traceable to the challenged action of the Defendants and those they

28

supervise, and are not the result of the independent actions of some third party not before the court; and

(c)     that are likely, and not merely speculative, that the injury will be redressed by a favorable decision in this action.[11]

150.    The Statute of Limitations for actions against public officials on their official bond is ten (10) years pursuant to Tenn. Code Ann. § 28-3-110.

151.    The Statute of Limitations against sureties on official bonds is six (6) years pursuant to Tenn. Code Ann. § 28-3-109.

152.    Plaintiffs request the Court maintain three classes of individuals who have had their property seized and forfeited under any of the three declarations of violations of the United States Constitution:

Class A:     Class Members whose financial records, accounts, and deposits were seized and taken by the policy, custom, practice, and/or procedure of the use bogus court subpoenas;

Class B:     Class Members who had their property seized and forfeited without a warrant or circuit or chancery court process as required by § 53-11-451(b);

Class C:     Class Members who had their property forfeited where TDOSHS did not strictly comply with the black letter of the time requirements in Tenn. Code Ann. § 40-33-207(a).

## XIII.   OTHER REQUESTED RELIEF

153.    Plaintiffs sue for attorney fees and cost.

_____

[11] see *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)

Case 3:17-cv-00059-TAV-HBG     Document 1     Filed 02/20/17     Page 29 of 30     PageID #: 29

## XIII.  JURY TRIAL

147.    Plaintiff demands a jury for all disputed matters.

STATE OF TENNESSEE

by _David Shell_
David Shell

_David Shell_
David Shell, individually

_Houston S. Havasy_
Houston S. Havasy
Attorney for Plaintiff

Houston S. Havasy TBOPR 032154
Attorney for Plaintiffs
Law Offices of Herbert S. Moncier
550 W. Main Street, Suite 775 Bank of America Center
Knoxville, Tennessee   37902
(865) 546-7746
fax (865) 546-7765
hhavasy@gmail.com