UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID SHELL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:17-cv-59-TAV-HBG |
| ) | |
| DAVID PURKEY, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 7] of the Chief District Judge.

Now before the Court is the Plaintiffs' Motion to Maintain Class Action [Doc. 2]. The Defendants have filed Responses [Docs. 31, 36, 39, 41], and the Plaintiff has filed a Reply [Doc. 45]. The Motion is now ripe for adjudication. Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that the Motion to Maintain Class Action [**Doc. 2**] be **DENIED WITHOUT PREJUDICE.**

**I.  BACKGROUND**

The Complaint [Doc. 1] and Motion to Maintain Class Action [Doc. 2] in this case were filed on February 20, 2017. The Complaint alleges that Defendant Chad Johnson, pursuant to a custom, policy, practice, and/or procedure of Defendants Ronnie Burnett and Marion County, Tennessee, ("Marion County") used bogus court subpoenas issued by a Marion County Clerk to certain banks to administratively forfeit Plaintiff Shell's personal property. [Doc. 1 at ¶ 10]. The Complaint states that between April 13, 2016, and January 31, 2017, the Defendants continued the unconstitutional seizure of Plaintiff Shell's money ($9,253.57) without court process and without

lawful authority. [*Id.* at ¶ 22]. In addition, the Complaint avers that the Defendants denied Plaintiff Shell the use of his money and that they required Plaintiff Shell to incur attorney's fees and litigation expenses to establish that his money was unconstitutionally seized. [*Id.* at ¶ 23-24]. The Complaint further alleges that the above Defendants engaged in similar unconstitutional practices with respect to Class Members. [*Id.* at ¶ 26]. The Complaint continues that on April 13, 2016, Plaintiff Shell's 2009 Dodge truck and $1,684.00 were unconstitutionally seized and subjected to forfeiture proceedings. [*Id.* at ¶¶ 29-30, 35-38]. The Complaint alleges that Plaintiff Shell was continuously denied the use and benefit of his money ($1,684.00) and truck by the Defendants' unconstitutional acts and that he was required to incur attorney's fees and costs to establish that his money ($1,684.00) and truck were unconstitutionally subjected to forfeiture proceedings. [*Id.* at ¶ 37-38].

Along with the Defendants mentioned above, the Complaint names the following as Defendants in this action: (1) John and Jane Doe State Officers and Employees covered by Tennessee's blanket surety bond; (2) Fidelity and Deposit Company of Maryland ("F&D"); (3) John and Jane Doe Marion County Officers and Employees covered by Marion County Surety Bond; and (4) A.J. Gallagher Company. [*Id.* at ¶¶ 54-125].[1] Finally, the Complaint alleges violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, violations of 42 U.S.C. §§ 1983 and 1988, and it requests relief pursuant to 28 U.S.C. §§ 2201 and 2202. [*Id.* ¶¶ 39-40, 126-47].

---

[1] The Court notes that the Plaintiffs filed a notice representing that "[a]ll Defendants are now before the Court." [Doc. 26 at 1]. However, it is unclear if Defendant A.J. Gallagher Company has been served.

## II. POSITIONS OF THE PARTIES

The Plaintiffs' Motion [Doc. 2] requests that the Court maintain the following classes:

> Class A: Class Members whose financial records, accounts, and deposits were seized and taken for administrative forfeiture by a policy, custom, practice, and/or procedure of use of bogus court subpoenas;
>
> Class B: Class Members who had their property seized and forfeited without a warrant or § 53-11-451(b) circuit or chancery court process;
>
> Class C: Class Members who had their property forfeited where TDOSHS did not strictly comply with the black letter of the time requirements in Tenn. Code Ann. § 40-33-207(a).

[Doc. 2 at 2]. The Plaintiffs adopt and incorporate the Complaint and cite the elements of establishing class certification pursuant to Federal Rule of Civil Procedure 23. Further, the Motion states that the records of potential members are available through the Tennessee Department of Safety and Homeland Security ("TDOSHS").

The Defendants object [Docs. 31, 36, 39, 41] to the Motion.[2] The Defendants argue that the Plaintiffs have merely cited the requirements of class certification without any proof. Further, the Defendants argue that Plaintiff Shell would not qualify for class status under Class B or Class C because Plaintiff Shell's property was not forfeited, which is a requirement for both classes. With respect to Defendants Purkey, Bartlett, and F&D, they assert that the proposed class does not implicate them. Defendant F&D further argues that the Motion should be denied because it has filed a Motion to Dismiss, asserting that it has not issued any bond as alleged by the Plaintiffs. Finally, Defendants Burnett and Marion County add that the Plaintiffs have not provided any information as to the expected size of the requested classes.

---

[2] Unless noted otherwise, the Court will summarize the Defendants' positions together because they raise similar objections.

3

The Plaintiffs filed a Reply [Doc. 45] asserting that their Motion incorporated the averments in the Complaint, which the Defendants do not address. The Plaintiffs assert that they have offered the sworn testimony of Defendant Johnson taken on August 23, 2016, which establishes the following: (1) a common practice to use false subpoenas, (2) the same practice was used to seize the Plaintiffs' accounts making Plaintiffs' claims typical of others whose accounts were seized through the practice, (3) the claims are all common to those of the class, and that (4) it is not practicable for Plaintiff Shell to join all members of the class as parties. Further, the Plaintiffs assert that they have also offered the conclusions of the Administrative Law Judge ("ALJ") as evidence. The Plaintiffs submit that the ALJ found that Defendant Johnson violated Tennessee Code Annotated § 40-17-123. In addition, the Plaintiffs assert that they have offered proof that Defendant Johnson's attorney informed Plaintiffs' counsel that he (Defendant Johnson) was trained to obtain the subpoenas for investigations to locate bank accounts to forfeit. The Plaintiffs further rely on the Affidavit of Lizabeth Hale, the Deputy General Counsel for TDOSHS, who states that TDOSHS "handles approximately 10,000 seizure cases per year." [Doc. 45-2].

The Plaintiffs also assert that discovery is appropriate for additional proof and that such proof is within the exclusive knowledge and control of the Defendants. The Plaintiffs submit that the proposed class implicates Defendants Purkey and Bartlett. The Plaintiffs argue that Defendant Purkey's duty was to administer Tennessee's forfeiture statutes and to train and supervise Tennessee law enforcement, but instead, he acquiesced Defendant Johnson's actions and deliberately turned a blind eye to the requirements of Tennessee law. With respect to Defendant Bartlett, the Plaintiffs assert that he violated the same duties. The Plaintiffs claim that Plaintiff Shell is part of the class and that the Defendants' claim that Plaintiff Shell's property was returned, making him ineligible for Classes B and C, is semantics. The Plaintiffs argue that with respect to

Class B, the proof establishes that Defendant Johnson was trained to seize bank accounts without Chancery or Circuit process or with bogus subpoenas and that this practice is common to others who are members of the class in Marion County. Further, the Plaintiffs assert that Defendant Johnson's practice was common throughout Tennessee to members of Class B and that the class members have common issues with respect to Fifth Amendment violations. Finally, the Plaintiffs assert that with respect to Class C, each individual who was denied his/her Fifth Amendment right to a speedy hearing has a common claim to Plaintiff Shell's claim in this case and are members of a common class.

### III. APPLICABLE LAW

Federal Rule of Civil Procedure 23 governs class actions. In pertinent part, Rule 23 directs that a class may be certified for litigation of claims where:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Once plaintiffs have satisfied each of the four prerequisites of Rule 23(a), they then must establish that the proposed class action meets at least one of the three categories set forth in Rule 23(b). *In re Nw. Airlines Corp. Antitrust Litig.,* 208 F.R.D. 175, 216 (E.D. Mich. 2002). In their Motion, the Plaintiffs reference all three sections of Rule 23(b) as follows:

> (1) prosecuting separate actions by or against individual class members would create a risk of:

> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> > (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> > (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> > (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> > (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(1)-(3).

In addition to the above requirements, the Plaintiffs must show the existence of a ascertainable class. *Avio, Inc. v. Alfoccino, Inc.,* 311 F.R.D. 434, 440 (E.D. Mich. Dec. 14, 2015). This means that "the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012) (quoting 5 James W. Moore et al., Moore's Federal Practice § 23.21[1] (Matthew Bender 3d ed. 1997)). The Sixth

6

Circuit has made clear that the proposed class "must be susceptible of [a] precise definition." *Id.* (other citations omitted).

"The party seeking the class certification bears the burden of proof." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *see also Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976). Before certifying a class, a district court must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met. *In re Am. Med. Sys. Inc.*, 75 F.3d at 1078-79 (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 162 (1982)). "The district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, [will] not be overturned absent a showing of abuse of discretion." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

**IV.    ANALYSIS**

As an initial matter, the Court notes that the parties appeared before the Court on June 7, 2017, with respect to the Plaintiffs' First Motion for Discovery [Doc. 50]. Attorney Houston Havasy appeared on behalf of the Plaintiffs. Attorney Dawn Jordan appeared telephonically on behalf of Defendants Purkey and Bartlett. Attorney Adam Izell appeared on behalf of Defendant Johnson. Attorney Justin Wear appeared on behalf of Defendant F&D. Attorney Thomas LeQuire appeared on behalf of Defendants Marion County and Burnett.

The Plaintiffs' First Motion for Discovery [Doc. 50] requests that the Court defer ruling on class certification until the Court has additional discovery to conduct a meaningful analysis of Defendants' claims in opposition to class certification. During the hearing, the Plaintiffs stated they needed discovery to make an informed decision as to the breadth of the class. The Plaintiffs further acknowledged that they needed discovery with respect to the issue of class certification.

7

The Defendants stated that they do not object to taking discovery but suggested that discovery be limited in time and scope.

The Court agrees that discovery is needed in this case. The Plaintiffs' filings merely recite the elements of Rule 23 but offer little proof that the Court needs to conduct its rigorous analysis. For instance, the Plaintiffs assert that it is not practicable for Plaintiff Shell to join all members of the class to this litigation and cite to Defendant Johnson's testimony taken on August 23, 2016, in support of their argument. [Doc. 45 at 2-4]. Defendant Johnson's testimony states that it was part of his custom to determine if the people he was investigating had money in the bank. Such testimony does not mention how many class members actually exist. Further, the Court notes that simply stating that an action was a "custom" falls woefully short of establishing impracticability of joinder. *See In re Am. Med. Sys. Inc.,* 75 F.3d at 1079 (explaining that while there is no strict numerical test, "substantial" numbers usually satisfy the numerosity requirement) (citing *Senter*, 532 F.2d at 522). Moreover, the Court finds that the Plaintiffs' citation to the Affidavit of the Deputy Commissioner Lizabeth Hale, who states that the TDOSHS administers approximately 10,000 seizure cases annually, without any analysis or argument, does not establish that there are a substantial number of people that fall within the definition of any of the proposed classes. Without additional discovery or analysis, the Court notes that the other elements of Rule 23(a) and (b) are equally deficient. However, consistent with the undersigned's Order, which is filed contemporaneously with the Report and Recommendation, the Court will recommend that the parties engage in discovery before the merits of class certification are considered.

## V. CONCLUSION

For the reasons cited herein, the undersigned **RECOMMENDS**[3] that the Plaintiffs' Motion to Maintain Class Certification [**Doc. 2**] be **DENIED** with leave to refile after the parties have completed the discovery necessary to properly consider the merits of class certification.

Respectfully submitted,

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).