UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| DAVID SHELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:17-CV-59-TAV-HBG |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, et. al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER AND OPINION**

This civil matter is before the Court on plaintiff's Notice of, and Motion for, Voluntary Dismissal of All Claims Against All Remaining Defendants [Doc. 61]. Pursuant to Federal Rule of Civil Procedure 41(a)(2), plaintiff moves the Court for the entry of an order dismissing plaintiff's claims against all remaining defendants without prejudice. In support, plaintiff's counsel submits that he has accepted a position with the Knox County Law Director's office and that, after multiple discussions, plaintiff has determined that he does not wish to pursue this action with substitute counsel. Plaintiff has thus instructed his attorney to move for voluntary dismissal without prejudice. Defendants have not responded to this motion, and the time in which to do so has now expired. *See* E.D. Tenn. L.R. 7.1(a). Pursuant to Local Rule 7.2, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought."

Rule 41(a)(2) provides that, except for the circumstances in Rule 41(a)(1), which do not apply here, "an action may be dismissed at the plaintiff's request only by court order,

on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule further states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* Here, there is no counterclaim pending that would preclude dismissal under Rule 41(a)(2).

Furthermore, when a plaintiff seeks to dismiss an action "without prejudice," courts have discretion in terms of how to proceed because the plaintiff could bring the same litigation again. *See D & M Millwork, Inc. v. Elite Trimworks Corp.*, No. 2:08-0101, 2010 WL 547154, at *2–3 (M.D. Tenn. Feb. 10, 2012). Thus, "[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009). For example, the court might condition dismissal without prejudice on the plaintiff's payment of the defendant's costs or attorney's fees. *DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992). But, "[a]lthough courts frequently impose defense costs on plaintiffs granted a voluntary dismissal, no circuit court has held that such costs are mandatory." *Id.* Here, defendants have not moved for any conditions on the voluntary dismissal plaintiff seeks. The Court will not order such relief absent a request.

Having carefully considered the matter, and in light of the lack of any objection or response by defendants, the Court finds that good cause supports plaintiff's motion. Accordingly, the Court hereby **GRANTS** plaintiff's motion for voluntary dismissal

without prejudice [Doc. 61]. The Court **DISMISSES without prejudice** all of plaintiff's claims against all of the remaining defendants. The Clerk of Court is directed to **CLOSE** this case. In the absence of any motion or objection to the contrary, the parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>CHIEF UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

    s/ Debra C. Poplin
CLERK OF COURT